JFS/ERG                                                                       07622-03063

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| L&L Auto Parts, Inc. | ) | |
|            Plaintiff, | ) | |
| | ) | Case No. 03 C 8930 |
| vs. | ) | |
| City of Harvey, et al. | ) | Judge Ronald A. Guzman |
|            Defendant | ) | |

### NOTICE OF FILING

TO:     Gregory E. Kulis
           Gregory E. Kulis and Associates Ltd.
           30 N. LaSalle Street, Suite 2140
           Chicago, IL 60602

**DOCKETED**
**NOV 18 2004**

**PLEASE TAKE NOTICE** that on November 17, 2004, Defendants, City of Harvey, LaTonya Rufas, Todd Gallagher and Keith Price, filed with the Clerk of the United States District Court, Northern District of Illinois the **Joint Agreed Motion for Voluntary Dismissal**, a copy of which is attached hereto and served upon you.

_____
One of the attorneys for Defendant

JOSEPH F. SPITZZERI
EYDIE GLASSMAN
JOHNSON & BELL, LTD.
55 E. Monroe, Suite 4100
Chicago, Illinois 60603
312/372-0220

### PROOF OF SERVICE

The undersigned upon her oath states that a true and complete copy of the foregoing document was made upon each party or attorney of record herein by depositing same in the United States Mail in envelopes properly addressed to each of them and with sufficient first class postage affixed this 17th day November, 2004.

_____
[X] Under penalties as provided by law pursuant to ILL.REV.STAT.CHAP. 110 §1-109, I certify that the statements set forth herein are true and correct.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| L & L AUTO PARTS, INC., | ) |
| | ) Case No. 03 C 8930 |
| v. | ) |
| | ) Judge Ronald Guzman |
| CITY OF HARVEY, LATONYA | ) |
| RUFAS, TODD GALLAGHER and | ) |
| KEITH PRICE, individually, | ) |
| | ) |
| Defendants. | ) |

FILED NOV 17 2004
MICHAEL W. DOBBINS, CLERK, U.S. DISTRICT COURT

DOCKETED
NOV 18 2004

## JOINT AGREED MOTION FOR VOLUNTARY DISMISSAL

NOW COMES the parties L & L AUTO PARTS, INC. by and through its attorneys, GREGORY E. KULIS AND ASSOCIATES, LTD. and CITY OF HARVEY, LATONYA RUFUS, TODD GALLAGHER AND KEITH PRICE, by and through its/their attorneys, JOHNSON & BELL, and in support of said motion states as follows:

1)    The parties have reached a settlement agreement (Exhibit I).

2)    Pursuant to the settlement agreement, it is requested that the court maintain jurisdiction to enforce this agreement for a period of 150 days.

3)    At that time this matter can be completely dismissed with prejudice.

WHEREFORE the parties pray that this Honorable Court dismiss this case but retain jurisdiction to enforce this agreement.

_____
GREGORY E. KULIS
GREGORY E. KULIS AND ASSOCIATES, LTD.
ATTORNEY FOR THE PLAINTIFF

_____
EDYIE GLASSMAN
JOHNSON & BELL
ATTORNEY FOR THE DEFENDANTS

26

JFS/ERG                                                                07622-03063

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| L&L Auto Parts, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 03 C 8930 |
| vs. | ) | |
| | ) | |
| City of Harvey, et al. | ) | Judge Ronald A. Guzman |
| | ) | |
| Defendant | ) | |

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into this _10th_ day of November, 2004, between L&L Auto Parts (the "plaintiff") and the City of Harvey, LaTonya Rufus, Todd Gallagher and Keith Price (the "defendants"). The plaintiff and defendants are collectively referred to as "the parties". The parties agree to the following:

1. On or about December 11, 2003, plaintiff filed a complaint in this matter alleging, among other things that the defendants locked plaintiff out of its property.

2. On or about February 20, 2004, defendant filed answers and affirmative defenses to the complaint denying the substantive allegations and denying that they violated any of plaintiff's rights.

3. To fully and finally resolve all of the plaintiff's claims, alleged, threatened or otherwise, but without admitting any wrongdoing or unlawful conduct, in return for plaintiff's settlement with and release of all defendants for all its claims, whether known or unknown, defendants have agreed to pay the sum of Twenty-Five Thousand Dollars ($25,000.00). In consideration for the payment described above, plaintiff for itself, its officers, owners, shareholders, directors, employees and agents and assigns, hereby release and forever discharge



defendants and their officers, agents, and employees of all claims and demands, whether in law or equity, including but not limited to, damages, costs, expenses and attorneys' fees arising out of or related in any way to the allegations made in plaintiff's complaint.

4. To fully and finally resolve all of the plaintiff's claims, alleged, threatened or otherwise, the defendants, their officers, employees and agents hereby release and forever discharge plaintiff, its officers, owners, shareholders, directors, employees, agents and assigns of all claims and demands, whether in law or equity, including but not limited to, damages, costs, expenses and attorneys' fees arising out of or related in any way to the allegations made in plaintiff's complaint.

5. It is understood that the payment in the amount of Twenty-Five Thousand Dollars ($25,000.00) is not an admission of liability of any wrongdoing on the part of any of the defendants and that the defendants expressly disclaim such allegations of liability and wrongdoing. Because of the payment, plaintiff acknowledges that it is fully and completely compensated for any injuries it allegedly sustained. The provisions of any local, state, federal or foreign law, statute or judicial decision providing that releases shall not extend to unknown claims are expressly waived.

6. The Twenty-Five Thousand Dollar ($25,000.00) payment identified above shall be made in the following manner. Fifteen Thousand Dollars ($15,000.00) shall be made payable to the State of Illinois pursuant to the turnover order entered by the Circuit Court of Cook County. This Fifteen Thousand Dollars ($15,000.00) is payable in the following amounts to the following funds. Twelve Thousand Dollars ($12,000.00) to the Environmental Protection Trust & Fund and Three Thousand Dollars ($3,000.00) to the Attorney General's Projects and Court Ordered Distribution Fund. In addition to the Fifteen Thousand Dollars ($15,000.00) described

above, Ten Thousand Dollars ($10,000.00) shall be made payable to Gregory E. Kulis & Associates, plaintiff's counsel. The payment of Ten Thousand Dollars ($10,000.00) to Gregory E. Kulis & Associates shall be payable upon full execution of this Agreement. The payment of Fifteen Thousand Dollars ($15,000.00) in the amounts of Six Thousand Dollars ($6,000.00), and One Thousand Five Hundred Dollars ($1,500.00) payable to the Environmental Protection Trust Fund and the Attorney General's Projects and Court Ordered Distribution Fund, respectively, shall be made following the 90-day grace period, described in paragraph 8, during which time plaintiff is to remediate the violations identified in the tickets enumerated below.

7. Provided that plaintiff complies with all the requirements to obtain business licenses, the City of Harvey shall issue plaintiff with four (4) business licenses – one for each of plaintiff's properties. Upon the issuance of these business licenses, all violations written to plaintiff for operating without a business license shall be withdrawn and all corresponding fines, fees and penalties waived. (These written violations are violation notice numbers 0117581 through and including 0117586, and those violations written for this offense on February 9, 2004).

8. Defendants shall provide plaintiff with a 90-day grace period to remediate all of the following violations identified in each violation notice enumerated below. During this 90-day grace period, the defendants agree to a moratorium on issuing additional violation notices to plaintiff. If, after this 90-day grace period plaintiff remediates all of the violations identified below, these violations shall be withdrawn and all corresponding fines, fees and penalties waived, and the installment described in paragraph 6 shall be paid. If, however, all of the violations are not remediated during this 90-day grace period (except those violations relating to the demolition at 301 East 152nd Street described below) plaintiff (but not its counsel) shall pay

Case: 1:03-cv-08930 Document #: 26 Filed: 11/17/04 Page 6 of 8 PageID #:89

defendants a total of Twelve Thousand Five Hundred Dollars ($12,500.00), and the enumerated violation notices shall be re-instated. This 90-day grace period applies to all violations, except for violation notices 0117569 and 0117571, which are withdrawn and all fines, fees and penalties relating to these two (2) violations are waived, and to the violation notices regarding the demolition work occurring at 301 East 152nd Street for which plaintiff is given 120 days to remediate the violation. If, after the 120-day grace period to remediate the violations regarding the demolition at 301 East 152nd Street, such remediation has not occurred, plaintiff (but not its counsel) shall pay defendants a total of Twelve Thousand Five Hundred Dollars ($12,500.00). The following is the enumeration of the violations to be remediated by plaintiff:

| | | | | |
|---|---|---|---|---|
| a. | 0117587 | | i. | 0117595 |
| b. | 0117588 | | j. | 0117596 |
| c. | 0117589 | | k. | 0117597 |
| d. | 0117590 | | l. | 0117598 |
| e. | 0117591 | | m. | 0117599 |
| f. | 0117592 | | n. | 0117600 |
| g. | 0117593 | | o. | 0117561 |
| h. | 0117594 | | p. | 0117562 |
| q. | 0117563 | | aa. | 0117576 |
| r. | 0117564 | | bb. | 0120752 |
| s. | 0117565 | | cc. | 0120753 |
| t. | 0117566 | | dd. | 0120754 |
| u. | 0117567 | | ee. | 0120755 |
| v. | 0117568 | | ff. | 0120756 |
| w. | 0117570 | | gg. | 0120757 |
| x. | 0117572 | | hh. | 0120758 |
| y. | 0117574 | | ii. | 0120759 |
| z. | 0117575 | | jj. | 0120760 |

9. In addition to the remediation described above, within the 90-day grace period, plaintiff shall erect a blind fence at the property located at 300 East 152nd Street, and such fence shall comply with all applicable codes and ordinances of the City of Harvey. This blind fence need only be erected where a fence existed as of August 24, 2004 across the front of the property.

10. The parties, by and through the undersigned, have read this Agreement and understand all of its terms. The parties execute this Agreement voluntarily and with full knowledge of its significance.

11. This Agreement contains the entire agreement and understanding concerning the subject matter hereof between the parties. No waiver, termination or discharge of this Agreement, or any terms hereof, shall be binding upon the parties unless confirmed in writing. This Agreement may not be modified or amended, except in writing executed by all parties.

12. This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois.

13. This Agreement shall not be construed more strongly against any party regardless of which party is responsible for its preparation.

L & L Auto Parts, Inc.                          City of Harvey

By: _____              By: _____
Its authorized agent and representative          Its authorized agent and representative

WITNESS:

_____

_____

On this 10th day of November, 2004, before me personally appeared Louie Meneghin to me known, and known to me to be the same persons described in and who executed the above instrument and he severally acknowledged to me that they executed the same.

_____
NOTARY PUBLIC

OFFICIAL SEAL
JEANNE A CHERECK
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 05/16/06

TOTAL P.06

On this 17th day of November, 2004, before me personally appeared Sandra Alvarado to me known, and known to me to be the same persons described in and who executed the above instrument and he severally acknowledged to me that they executed the same.

OFFICIAL SEAL
NANCY KERBY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 02-20-07

NOTARY PUBLIC